IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MACKENZIE GLADE HUNTER,<br><br>    Defendant. | MEMORANDUM DECISION<br>& ORDER<br><br>Case No. 2:07CR307DAK |

   This matter is before the court on Sue and Ken Antrobus's Motion for Order Compelling Government to Disclose Information Supporting Their Position They are Crime Victim's Representatives or for Release of Grand Jury Information on this Subject. The Antrobuses also filed a motion for expedited ruling on the motion. As of Monday, January 7, 2008, the Antrobuses and the government were in discussions in an attempt to resolve the matter between themselves. On Monday afternoon, counsel for the Antrobuses communicated to the court that although offers were still being conveyed, a settlement was not reached between the parties. Because it was close to the end of the work day, the court contacted the government and asked for a response on Tuesday morning. Counsel for defendant also contacted the court about responding, and the court notified him that he would need to submit something in writing on Tuesday because the court anticipated ruling late Tuesday or the morning of Wednesday, January

9, 2008.[1]  Having considered the positions of each of the parties, the court enters the following Memorandum Decision and Order.

## DISCUSSION

In its Memorandum Decision and Order of January 3. 2008, the court determined that neither Vanessa Quinn was not a victim of Defendant Hunter's offense pursuant to the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771.  The Antrobuses' present motion requests the ability to review the U.S. Attorney's investigative and discovery files as well as grand jury materials for information that may relate to Hunter's ability to foresee that the gun he sold to Sulejman Talovic would be used in a crime.  The Antrobuses describe their situation as an "insoluable chicken-an-egg dilemma: they have not given the court enough evidence to prove Vanessa was a 'victim'; but they cannot get the evidence she was a 'victim' because they have not proven she was a victim."

The government's response to the Antrobuses' motion states that during the course of the investigation it has discovered no evidence to suggest that Hunter had any foreseeable connection to the Trolley Square tragedy.  This is consistent with the U.S. Probation and Pretrial Service's

---

[1] The court notes that it has previously had difficulty in reaching defense counsel and acknowledges that there were problems in communication with respect to the parties filing of responses to the Antrobuses' previous motions.  While the court notified the government on January 3, 2008, that it would be ruling on that date whether or not it received the anticipated responses, the court did not so notify defense counsel.  Given the court's analysis of the issue and its intended ruling it did not believe that it was necessary to wait for the responses.  Although the court did not communicate directly with defense counsel with respect to a written response, the court was aware that defense counsel intended to object to the prior motion because his office called to inquire as to a hearing on the motion.  Even if this court issues rulings on the motions prior to receiving responses, it does not consider the motions to be unopposed.  While the court would have preferred to have considered all of these motions with the benefit of full briefing, the court is merely attempting to address the issues as expeditiously as possible given the time constraints imposed.

finding in the Pre-Sentence Report prepared in connection with Hunter's sentencing. The Antrobuses prior motion claimed that Hunter had stated that thought Talovic would use the gun to commit a bank robbery. They did not, however, provide any support for that alleged statement and the court is unaware of its origin or the context in which it was made. The court ruled on the assumption that the alleged statement actually was made but there was no evidence provided to the court to support it. That statement, with unknown foundation or context, appears to be the only evidence related to Hunter's speculation as to a future crime.

The Antrobuses assert that the court has inherent authority to order disclosure of the prosecution file. The Antrobuses argue that no statutory provision forbids the disclosure of this information and the CVRA broadly promises that all crime victims will be treated with fairness. The court has already concluded that the Antrobuses are the victims of another's crime, not Hunter's sale of a firearm to a minor. Granting rights to the prosecution's investigative discovery file to persons wishing to establish themselves as a victim is a significant right to append to the CVRA. If Congress had wanted to afford members of the public the right to prosecution files to determine their victim status, it should have clearly identified that right in the CVRA.

In this case, the U.S. Attorney's Office has reached out to those affected by the Trolley Square shooting. The office has also been intent on bringing and prosecuting these firearms offenses to the extent possible. The court does not want to create a right not provided for by any statute which has the effect of interfering with or second-guessing the prosecution of on-going, active criminal matters. The court must recognize that the government has a strong interest in maintaining the integrity of its prosecution file by not disclosing its contents to persons who are not a party to the action. The prosecution has certain obligations under the CVRA, the

prosecution in this case has met those obligations, and this court cannot assume that its assertions with respect to the nature of the evidence in its files is anything but candid and forthcoming.

With respect to the disclosure of grand jury transcripts, Rule 6(e) codifies the traditional rule of grand jury secrecy but allows exceptions for the disclosure of grand jury materials in certain instances, such as "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).  The strong public interest in grand jury secrecy within the federal courts mandates a high standard for obtaining information related to grand jury proceedings.  *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice." *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).  A particularized need is "more than a wish to go fishing for useful material." *United States v. Jackson*, 863 F. Supp. 1449, 1456 (D. Kan. 1994).  "Courts must consider not only the immediate effects upon a particular grand jury, but also the possible effects upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222.

The CVRA does not grant rights to individuals with respect to grand jury materials. While the court has discretion to allow the disclosure of grand jury materials in certain instances, the court concludes that the Antrobuses have not demonstrated that their needs outweigh the interests in maintaining grand jury secrecy.  Given the government's representations with respect to the lack of evidence in this case with respect to Hunter's knowledge of Talovic's intent, the court finds that there is no particularized need to the grand jury transcripts.   Accordingly, the court denies the Antrobuses' motion to compel the government to disclose information from its files or the grand jury transcript.

**CONCLUSION**

Based on the above reasoning, the court denies the Antrobuses' Motion for Order Compelling Government to Disclose Information Supporting Their Position They are Crime Victim's Representatives or for Release of Grand Jury Information on this Subject is DENIED.

DATED this 8th day of January, 2008.

_____
DALE A. KIMBALL
United States District Judge