IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**MACKENZIE GLADE HUNTER,**<br><br>　　　　　　Defendant. | **ORDER**<br><br>Case No. 2:07CR307DAK |

　　　　This matter is before the court on Sue and Ken Antrobus's Motion for a Stay of Defendant Mackenzie Hunter's sentencing which is presently set for January 14, 2008, at 3:30 p.m.  The Antrobuses have also filed a Motion seeking reconsideration of the court's denial of their motion for an order compelling the government to disclose information and for release of grand jury information.  The Antrobuses have also filed a Freedom of Information Act request on the government on January 10, 2008..

　　　　The Antrobuses' motion for reconsideration does not provide a basis for staying Hunter's sentencing.  The motion does not provide evidence that was unavailable at the time the Antrobuses' filed their prior motion.  The motion relies on a concurring opinion that has no prejudicial value and raises the same arguments as its prior motion.  The government previously informed the court that it did not possess any information relevant to Hunter's forseeability of Talovic's subsequent crime.  There remains no basis for this court to question the government's position, and this court will not entertain repeated motions on the same issues, when the effect of

those motions delay a sentencing that is set to proceed.

The Crime Victims' Rights Act provides that a motion asserting a victim's right should be determined by the district court forthwith and the court of appeals within 72 hours after a petition for mandamus is filed.  18 U.S.C. § 3771(d)(3).  Both courts complied with those requirements of the statute.  The CVRA does state, however, that "[i]n no event shall proceedings be stayed or subject to a continuance of more than five days for purposes of enforcing this chapter."  *Id.*  It is unclear whether this language refers to a delay in the time periods for a decision on a motion asserting a victim's rights or a writ of mandamus or if it refers to the underlying proceedings in the criminal case.  The language in the statute is ambiguous.

If the court were to read this language as applying to the underlying criminal case, the Antrobuses have not demonstrated what could be accomplished with respect to their FOIA request and/or their potential request to petition the Tenth Circuit for a re-heaing within the five-day window provided for in the statute.  If the language applies to the motion to assert rights and/or the writ of mandamus, then the five-day time period is irrelevant.  Both courts acted within the time frame provided for in the CVRA.  The CVRA does not provide any further discussion of appellate remedies.  Although parties, such as the Antrobuses, who are seeking to establish themselves as a crime victim or crime victim's representative would appear to have the standard appellate remedies provided for in any proceeding, such as requesting a hearing en banc and filing a writ of certiorari, the statute does not provide expedited proceedings for such actions.

The court finds no basis for delaying the underlying criminal matter from proceeding to sentencing. The FOIA request can proceed even though sentencing takes place.  Given the government's and the probation office's indications as to the state of the evidence, the court does not believe there are grounds to wait until that process concludes.  And, neither the court nor

counsel has any control over the length of time it could take the Tenth Circuit to determine whether to rehear the writ of mandamus en banc. The court is concerned with the defendant's right to be sentenced in a timely manner. That right must be given consideration in the Antrobuses' requests for reconsideration. The Antrobuses have been given the process provided to them in the CVRA. The CVRA did not grant additional rights that delay the criminal proceedings.

Significantly, the CVRA provides that a "victim may make a motion to re-open a . . . sentence" if the victim asserted a right to be heard and the right was denied, and the victim petitioned for a writ of mandamus within ten days. *Id.* § 3771(d)(5). The Antrobuses asserted their rights before the sentencing, the right was denied, and they filed a writ of mandamus within ten days. Therefore, if the Antrobuses were to be granted rights as victims or as a victim's representatives in a future appellate proceeding, they would have a basis for reopening Defendant's sentencing.

For these reasons, the court finds no basis for continuing Hunter's sentencing. Accordingly, the Antrobuses' motion for reconsideration of the motion to compel is DENIED, and the Antrobuses' motion to stay Hunter's sentencing is also DENIED.

DATED this 14th day of January, 2008.

_____
DALE A. KIMBALL
United States District Judge